UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ETHEL DEPRON                                           CIVIL ACTION

v.                                                     NO. 17-1102

UNITED STATES POSTAL SERVICE                           SECTION "F"
and CALVIN DAIZ, JR.

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendants' motion to dismiss, noticed for submission on July 12, 2017, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] On February 8, 2017, Ethel Depron sued the United States Postal Service and Calvin Daiz, whom allegedly was driving a U.S. Postal Service vehicle that collided with a vehicle in which Ms. Depron was riding as a passenger on August 11, 2015 at the intersection of Loyola Avenue and Tulane Avenue in New Orleans, Louisiana. Ms. Depron alleges that her "body and mind" was injured in the collision that she said was caused by Mr. Daiz. Ms. Depron seeks to recover damages caused by the negligence of Daiz and the U.S. Postal Service; she also demands a jury trial. She alleges that the Court has jurisdiction pursuant to the Postal Reorganization Act, 39 U.S.C. § 409(a).
    Contending that the Court lacks jurisdiction, the U.S. Postal Service and Mr. Daiz seek to dismiss the plaintiff's claims against them because the plaintiff failed to name the United States or

1

that the defendants' motion to dismiss is hereby GRANTED as unopposed.  The plaintiff's claims are hereby dismissed.

New Orleans, Louisiana, July 10, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

mention the FTCA, which is her exclusive basis for recovery.  The Court agrees.  The Federal Tort Claims Act is the sole basis of recovery for tort claims against the United States, and the only proper defendant in an FTCA action is the United States, not the alleged responsible agency or employee.  See 28 U.S.C. §§ 2671, 2679; Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988).  An FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction.  See Galvin, 860 F.2d at 183.  Finally, a plaintiff is not entitled to a jury trial under the FTCA.  See 28 U.S.C. § 2402; see also Carlson v. Green, 446 U.S. 14, 22 (1980)(noting that "a plaintiff cannot opt for a jury in an FTCA action").

Here, the plaintiff sued the United States Postal Service and U.S. Postal Service employee, Calvin Daiz, Jr.  She makes no mention of the FTCA in her complaint.  The statute under which she files suit, the Postal Reorganization Act, explicitly conditions the waiver of sovereign immunity by Section 409(c), which provides that the remedies and restrictions of the FTCA shall apply in all actions sounding in tort. See Ins. Co. of North America v. United States Postal Service, 675 F.2d 756, 758 (5th Cir. 1982). Because the FTCA is the exclusive remedy for damages arising from tortious acts of federal agencies or their employees, and because the plaintiff has failed to name or sue the United States, the only proper defendant in an FTCA lawsuit, her claims against the U.S. Postal Service and Mr. Daiz must be dismissed for lack of jurisdiction.